IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHENIQUA HANDY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-3367-L** |
| | § | |
| **NANCY A. BERRYHILL,** | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

# ORDER

On February 26, 2018, the magistrate judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") in this social security appeal, recommending that the court affirm the final decision of the Commissioner of Social Security ("Commissioner") in all respects and dismiss with prejudice this appeal.

This action was stayed and administratively closed from March 8, 2018, to November 6, 2018. Plaintiff filed objections to the Report on November 6, 2018. Although the magistrate judge recommended that the court affirm the Commissioner's decision, Plaintiff contends, based on the Fifth Circuit's opinion in *Barrett v. Berryhill*, 906 F.3d 340 (5th Cir. 2018), that the Report supports a finding that the administrative law judge ("ALJ") abused her discretion in failing to grant or rule on her request to subpoena non-examining state agency physicians ("SAPCs") Drs. Phelan, Geary, and Carr in contravention of the Hearing Appeals and Litigation Law Manual or "HALLEX." Plaintiff asserts that she was harmed by this error by the ALJ because the ALJ gave significant weight to the opinions of Drs. Phelan and Carr, and a different outcome was possible if she had a

meaningful opportunity to obtain answers to the questions of Drs. Phelan's and Carr's opinions regarding her moderate limitation to complete a normal workday and workweek without interruption from her psychological symptoms. Plaintiff asserts that, if she cannot maintain employment for any period of time, she is disabled regardless of whether she can find employment and physically perform certain jobs.

Regarding the ALJ's implied denial of Plaintiff's subpoena request, the magistrate judge determined that, while "Social Security administrative hearings must follow the policies set forth in HALLEX, it is well-established that HALLEX does not carry the authority of law, and the ALJ's error warrants remand only if Plaintiff was prejudiced by the error." Report 22 (citations and quotation marks omitted). The magistrate judge noted the, in "the Fifth Circuit, [p]rocedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." *Id.* The magistrate judge explained that, to establish prejudice, "Plaintiff must show that the ALJ's denial of her request for issuance of subpoenas without notification or explanation might have led to a different decision of disability." *Id.* The magistrate judge noted that, *"Plaintiff does not argue, and cites no legal authority to support a finding, that she was prejudiced by the ALJ's failure to notify or explain to her why she did not issue the requested subpoenas*," and, instead, argued that: (1) "the ALJ was required under 20 C.F.R. § 416.927 to weigh the opinions of SAPCs based on evidence adduced at the hearing"; and (2) "an agency must examine the relevant data and articulate a satisfactory explanation for its action, including a rational connection between the facts found and the choice made." *Id*. at 23 (citations omitted) (emphasis added). Regarding these arguments, the magistrate judge determined that: "[t]he ALJ's decision shows that she considered and weighed all the evidence

of record in determining Plaintiff's [residual functional capacity ("RPC"]"; the authority cited by Plaintiff is inapplicable in the social security context; and "Plaintiff does not present any evidence that could and/or would have been adduced from the SAPCs at the hearing that would have led to a different result in the case." *Id.* The magistrate judge, therefore, determined that, "[b]ecause failure to address Plaintiff's request for issuance of subpoenas was not prejudicial, remand is not required." *Id.*

Regarding Plaintiff's assertion that "the ALJ denied her fundamental rights when she did not allow her to cross-examine Drs. Phelan, Geary, and Carr, and, therefore, substantial evidence does not support her decision based on the opinions of those doctors," the magistrate judge determined that

the right to subpoena extends to cross-examination of examining physicians, not to non-examining physicians, and, the decision of whether a subpoena should issue for a non-examining physician turns on whether "it is reasonably necessary for the full presentation of a case." *Id.* at 24 (citations omitted). As the ALJ did not address her reasons for not issuing the requested subpoenas, the magistrate judge noted that the court's review was limited to the record before it and determined that, [b]ecause there is no right to subpoena non[-]examining physicians, Plaintiff was not denied her fundamental rights regardless of the ALJ's reasons for declining to issue the subpoenas. *Id.* (footnote omitted). The magistrate judge further determined that the ALJ did not err in not providing Plaintiff with an opportunity to cross-examine these non-examining physicians and remand to address this issue was not required because substantial evidence exists to support the ALJ's decision:

> The ALJ found that the "[t]reatment notes in the record [did] not sustain the claimant's allegations of disabling conditions," and her allegations were "weakened by inconsistencies between her allegations and the medical evidence." She also

found that the grandmother's allegations did not establish that Plaintiff was disabled because they were "not consistent with the preponderance of the opinions and observations by medical doctors in this case." The ALJ found that the RPC determination was "supported by the objective medical evidence contained in the record." A reviewing court must defer to the ALJ's decisions.

*Id.* at 25-26 (citations omitted).

Having reviewed the pleadings, file, record, applicable law, and Report, and that portion of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. As noted by the magistrate judge, Plaintiff did not previously argue that she suffered any prejudice as a result of the ALJ's failure to address her request to subpoena Drs. Phelan, Geary, or Carr. The court agrees with the magistrate judge's determination that Plaintiff was not denied any fundamental right or prejudiced by the ALJ's failure to address her subpoena requests or implied denial of such requests, as there is not absolute right to subpoena or cross-examine non-examining physicians. *See Barrett*, 906 F.3d at 345 (declining to extend a rule providing for an absolute right of cross-examination in administrative cases). Moreover, given the substantial evidence supporting the ALJ's decision and inconsistencies in Plaintiff's evidence, her new contention in her objections that the non-examining physicians' responses to her proffered written questions might have led to a different decision regarding disability is speculative.[*] The Fifth Circuit's opinion in *Barrett* does not change the court's determination in this regard. *See id*. at 345-46 (reviewing and affirming the ALJ's refusal to issue subpoenas or interrogatories because: "The request was made six years after Rosenstock filled

---

[*] As correctly noted by the Commissioner, although Plaintiff's objections focus on the ALJ's failure to address her requests to subpoena all three non-examining physicians, she does not explain why the failure to address her request to subpoena Dr. Geary prejudiced her or affected the ALJ's decision. Accordingly, the court determines that Plaintiff abandoned or waived any objection with respect to Dr. Geary.

out the form. The likelihood that she would remember anything about the circumstances surrounding this form was, by then, exceedingly low. Her opinion had been reviewed and affirmed by a second medical consultant. And the ALJ did not fully accept her opinion. He engaged in an exhaustive review of Barrett's medical records and determined that Barrett was slightly more restricted in his movements and should avoid extreme temperatures. Even if an ALJ could have concluded otherwise, it was not an abuse of discretion to deem the proposed questions unnecessary."). Accordingly, the court **overrules** Plaintiff's objections, **affirms** the Commissioner's decision, and **dismisses with prejudice** this appeal.

**It is so ordered** this 30th day of April, 2019.

Sam A. Lindsay
United States District Judge